# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

# PITTSBURGH DIVISION

| | |
|---|---|
| **JEFFREY WERTZ,** on behalf of himself as well as Proposed Class Sub-Set Alpha; **PATRICK HUGHEY**, on behalf of himself as well as Proposed Class Sub-Set Bravo,<br><br>    Plaintiffs,<br><br>v.<br><br>**INMATE CALLING SOLUTIONS, LLC,** a California For-Profit Limited Liability Company doing business as **IC SOLUTIONS**; **JEFFREY FEWELL** in his individual capacity; **CHRIS CAIN** in his individual capacity; **DAVID CODDINGTON** in his individual capacity; **WASHINGTON COUNTY PENNSYLVANIA**, a Pennsylvania Municipal Corporation,<br><br>    Defendants. | Case No.   2:23-cv-1045<br><br><br>**CLASS COMPLAINT IN CIVIL ACTION FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**<br><br><br>**Fed.R.Civ.P. 38(b)(1) Notice of Demand for Trial by Jury** |

## COMPLAINT

NOW COMES the Plaintiffs and Proposed Class Representatives, Jeffrey Wertz and Patrick Hughey, and files the within Complaint in compliance with Federal Rule of Civil Procedure 9(c) alleging as follows:

1.    The First Plaintiff and Proposed Class Representative is Jeffrey Wertz ("WERTZ"). WERTZ is an adult individual who resides in Washington County Pennsylvania. WERTZ is a licensed attorney.

2.     The Second Plaintiff and Proposed Class Representative is Patrick Hughey ("HUGHEY"). HUGHEY is an adult individual who resides in Washington County Pennsylvania. HUGHEY is a former inmate in WASHINGTON's County Correctional Facility ("WASHINGTON's Jail").

3.     The First Defendant is Inmate Calling Solutions, LLC ("IC SOLUTIONS"). IC SOLUTIONS is a limited liability company organized under the laws of the State of California.

4.     The Second Defendant is Washington County, Pennsylvania ("WASHINGTON"). WASHINGTON is a municipal corporation organized under the laws of the Commonwealth of Pennsylvania.

5.     The Third Defendant is Jeffrey Fewell ("FEWELL"). FEWELL is an adult individual who resides in Washington County Pennsylvania. FEWELL is the Warden of WASHINGTON's Jail.

6.     The Fourth Defendant is Chris Cain ("CAIN"). CAIN is an adult individual who resides in Washington County Pennsylvania. CAIN is the Deputy Warden of WASHINGTON's Jail.

7.     The Fifth Defendant is David Coddington ("CODDINGTON"). CODDINGTON is an adult individual who resides in Washington County Pennsylvania. CODDINGTON is a Major at WASHINGTON's Jail.

8.     Plaintiffs bring this lawsuit to redress of, *inter alia*, the First and Fourth Amendments to the United States Constitution. Thereby, this Court has jurisdiction.

9.     The events complained of herein occurred in substantial part in Washington County Pennsylvania. Therefore, venue properly lies within this District and Division.

**Facts of the Case**

10.    IC SOLUTIONS provides incarcerated persons with telephone communications on behalf of, *inter alia*, WASHINGTON.

11.    IC SOLUTIONS' services include calls throughout the United States from inmates to non-incarcerated persons, including their own lawyers.

12.    IC SOLUTIONS offers a "Pre-Paid Collect" account. This type of account is funded and owned by the recipient of phone calls. It is associated with the recipient's phone number.

13.    Upon information and belief IC SOLUTIONS does not offer a separate account for attorneys - attorneys must use the same "Pre-Paid Collect" account that friends and family use.

14.    In advertising its services to potential "Pre-Paid Collect" customers who are licensed attorneys, IC SOLUTIONS and WASHINGTON stated that it does not record phone conversations between inmates and properly identified attorneys. Attorneys reasonably rely on these assurances to communicate with their clients and potential clients through IC SOLUTIONS and WASHINGTON.

15.    On May 11, 2022, Attorney Paul Krepps of the law firm Marshall Dennehey Warner Coleman & Goggin (which at the time, represented WASHINGTON and currently represents IC SOLUTIONS) stated that he "followed up" with the management of the jail.

16.    Upon information and belief, including but not exclusively limited to Attorney Krepps' May 11, 2022 statement that "IC SOLUTIONS is the company that controls the recording[s. The system is set up such that if an attorney reports his telephone number and identity that the attorney's visits and phone calls will be recorded but blocked from any access," one or more of the individual defendants are aware of the

falsity of IC SOLUTIONS' claim that it does not record properly identified attorney-client calls.

17.     On or about May 19, 2021, WERTZ created his "Pre-Paid Collect" account with IC SOLUTIONS, identified himself as an attorney, and paid $59.80 as an initial account deposit. WERTZ subsequently made numerous $59.80 payments to replenish his account.

18.     On or about June 7, 2021, WERTZ completed IC SOLUTIONS' process with WASHINGTON to have his phone number configured as confidential so as to not be recorded or monitored.

19.     As part of IC SOLUTIONS' process with WASHINGTON to have WERTZ's phone number marked confidential, FEWELL asked WERTZ for his Pennsylvania Bar credentials, which WERTZ provided to FEWELL.

20.     The same day, FEWELL personally informed WERTZ that his account was approved, and one minute later, forwarded the emailed image of WERTZ's driver's license and PA bar card to CAIN and CODDINGTON.

21.     On or about June 14, 2021, WERTZ began receiving calls from inmates via IC SOLUTIONS, including but not limited to calls from HUGHEY. WERTZ and the inmates to whom he spoke reasonably believed that their conversations were not monitored or recorded as promised.

22.     Despite IC SOLUTIONS' instruction, and the ultimate approval of WERTZ by FEWELL, Defendants monitored, recorded, maintained, and disseminated to law enforcement, over one hundred of WERTZ's phone conversations with inmates.

23.     On or about January 18, 2022, Defendants provided WASHINGTON's District Attorney with the recordings of WERTZ's private privileged calls.

24.     On or about March 11, 2022, WASHINGTON's District Attorney produced to WERTZ, 63 of his own phone calls with an inmate as part of pre-trial discovery.

25.     Shortly after March 11, WERTZ informed WASHINGTON's District Attorney, and FEWELL that his private attorney calls had been recorded, stored, and then turned over to the District Attorney.

   a.   On June 3, 2022, Attorney Krepps produced 139 of WERTZ's own phone calls with inmates.

26.     In June 2022, WERTZ asked IC SOLUTIONS for metadata and additional information regarding the recording and dissemination of his attorney-client calls with inmates to law enforcement, specifically including the identity of who accessed those private calls and when they were accessed. IC SOLUTIONS confirmed that it had possession of this additional information, including but not limited to the identity of who accessed those privileged calls and when they were accessed, but that it considered WASHINGTON to be the "owner" of this metadata and additional information regarding the recordings, and that therefore WASHINGTON controlled to whom this metadata and additional information regarding the recordings could be disseminated.

27.     Upon information and belief, IC SOLUTIONS informed WASHINGTON of WERTZ's requests, and WASHINGTON shortly thereafter instructed IC SOLUTIONS to not provide WERTZ with any of the information he requested about his calls.

28.     WERTZ made numerous attempts to determine the extent of, and put a stop to, the recording of his private calls with inmates, including Motions to Quash, Right to Know Requests, and a direct appeal to the Supreme Court of Pennsylvania.

29.     Upon information and belief, including but not limited to Judge Neuman's February 16, 2023 Order for a Subpoena to Issue to WASHINGTON to produce unblocked

recordings of WERTZ's calls since February 3, 2023, IC SOLUTIONS and WASHINGTON continued to record attorney calls, at least until April 4, 2023 when Judge Gilman issued an injunction against IC SOLUTIONS and WASHINGTON at case number 2023-CV-01461 in Washington County Court of Common Pleas, prohibiting only the recording of calls with WERTZ but not other attorneys.

**Facts in Support of Class Action Status**

30.   Sub-Class Alpha of this lawsuit is defined as follows:

a. All attorneys who;

b. Via an IC SOLUTIONS account communicated with an incarcerated individual in the capacity of attorney.

31.   Sub-Class Bravo of this lawsuit is defined as follows:

a. All incarcerated individuals who;

b. Via an IC SOLUTIONS account communicated with an attorney in their capacity of attorney.

32.   <u>Numerosity</u>: Although the exact number of Class members is uncertain and can only be ascertained through appropriate discovery, upon information and belief, including the nationwide extent of IC SOLUTIONS' business, the number is great enough such that joinder is impracticable. The disposition of Class members in a single action will provide substantial benefits to all parties and to the Court. The classes are readily identifiable by way of IC SOLUTIONS' corporate records.

33.   <u>Typicality</u>: WERTZ's claims are typical of Sub-Class Alpha. Like all of Sub-Class Alpha, WERTZ is an attorney who communicated with an inmate in the capacity of attorney via IC SOLUTIONS. HUGHEY's claims are typical of Sub-Class Bravo. Like all of

Sub-Class Bravo, HUGHEY was an inmate and spoke with an attorney in their capacity as attorney via IC SOLUTIONS.

34.    <u>Commonality</u>: There are numerous questions of law and fact common to the representative Plaintiffs and the Class that predominate over any question affecting only individual members of Sub-Class Alpha. These common legal and factual issues include but are not limited to the following:

      a.    Whether Defendants recorded, monitored, stored, and/or disseminated privileged communications between attorney and client outside of the attorney-client relationship;

      b.    Whether such actions are in violation of law;

      c.    Whether one or more Defendants acted knowingly, intentionally, negligently, or recklessly; and

      d.    Whether Defendants acted in concert with any government agencies.

35.    <u>Adequate Representation</u>: WERTZ and HUGHEY will fairly and adequately protect the interests of the Class members. They have retained attorneys experienced in the prosecution of class actions, and civil rights cases, and they intend to prosecute this action vigorously. The Trial Law Firm is litigating Class Action matters as part of trial teams in the United States District Court for the District of Arizona, as well as the United States District Court for the Eastern District of Pennsylvania, and the Court of Common Pleas of Allegheny County. Todd J. Hollis Law is an experienced civil rights litigator and together, these offices recently obtained the largest civil rights settlement for law enforcement misconduct against The City of Pittsburgh.

      a.    The interests of WERTZ and HUGHEY are consistent with and not antagonistic to the interests of the Class.

b. The prosecutions of separate actions by individual Class members would create a risk of inconsistent and varying adjudications with respect to individual Class members, and it would establish incompatible standards of conduct for the parties anticipated to oppose the Class.

c. The prosecutions of separate actions by individual Class members would, as a practical matter, substantially impair or impede the ability of the other Class members to preserve and protect their interests.

d. WERTZ and HUGHEY allege that it is desirable to concentrate all litigation in one forum because all of their claims arose in the same location, and consolidation of their claims will promote judicial efficiency to resolve their common questions of law and fact in one single forum.

36. <u>Predominance and Superiority</u>: WERTZ, HUGHEY, and the Class members have all suffered and will continue to suffer harm and damages because of Defendants' unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, most Class members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. It is likely that only a few Class members could afford to seek legal redress for Defendants' misconduct. Absent a class action, Class members will continue to incur damages and Defendants' misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the Courts and the litigation will promote consistency and efficiency of the adjudication.

**COUNT I**

**18 U.S.C. §§ 2511; 2520- Illegal Interception**

**On behalf of both Sub-Classes v. IC SOLUTIONS**

37.     All other paragraphs of this lawsuit are incorporated.

38.     IC SOLUTIONS intentionally intercepted telephone calls between attorneys and their clients in violation of 18 U.S.C. § 2511(1)(a) as described in ¶ 21 of this lawsuit.

39.     IC SOLUTIONS intentionally endeavored to intercept telephone calls between attorneys and their clients in violation of 18 U.S.C. § 2511(1)(a) as described in ¶ 15 of this lawsuit.

40.     IC SOLUTIONS intentionally used an electronic or other device, including but not limited to its own hardware and/or software to transmit and intercept telephone calls between attorneys and their clients in violation of 18 U.S.C. § 2511(1)(b) as described in ¶ 21 of this lawsuit.

41.     IC SOLUTIONS intentionally endeavored to use an electronic or other device, including but not limited to its own hardware and/or software to transmit and intercept telephone calls between attorneys and their clients in violation of 18 U.S.C. § 2511(1)(b) as described in ¶ 21 of this lawsuit.

42.     As a direct and proximate cause of IC SOLUTIONS' actions, the Class was injured and is entitled to preliminary relief pursuant to 18 U.S.C. § 2520(b)(1), damages pursuant to 18 U.S.C. § 2520(b)(2) and (c), as well as attorney fees and costs pursuant to preliminary relief pursuant to 18 U.S.C. § 2520(b)(3).

**COUNT II**

**42 U.S.C. § 1983- First Amendment Interference**

**On behalf of Sub-Class Bravo v. IC SOLUTIONS**

43.     All other paragraphs of this lawsuit are incorporated.

44.   IC SOLUTIONS is a state actor for purposes of Section 1983 as demonstrated in ¶¶ 11-12, 14-16, 18 and 20 of this lawsuit by way of the public function test (by way of providing telephone services to inmates at the behest of, *inter alia*, Washington County Pennsylvania) and/or the state compulsion test (by way of the significant encouragement demonstrated in, *inter alia*, ¶¶ 25-28 of this lawsuit) and/or the joint action test (by way of its participation with, *inter alia*, Washington County as demonstrated in, *inter alia*, ¶¶ 16, 18-21, 24-28 of this lawsuit).

45.   IC SOLUTIONS unjustifiably interfered with Sub-Class Bravo's communications with Sub-Class Alpha by monitoring, recording, and distributing privileged communications regarding pending criminal matters to law enforcement. See, *Jones v. Brown*, 461 F.3d 454, 359 (CA3 2006)(state prison's "pattern and practice" of opening attorney mail outside the presence of inmate "interferes with protected communications, strips those protected communications of their confidentiality," and "impinges upon the inmate's right to freedom of speech") accord *Al-Amin v. Smith*, 511 F.3d 1317, 1334 (CA11 2008).

46.   As a direct and proximate cause of IC SOLUTIONS' actions, the Class was injured and is entitled to preliminary relief, injunctive relief, non-economic compensatory and punitive damages, as well as attorney fees and costs of suit.

### COUNT III

### 42 U.S.C. § 1983- Fourth Amendment Illegal Search and Seizure

### On behalf of Both Sub-Classes v. IC SOLUTIONS

47.   All other paragraphs of this lawsuit are incorporated.

48.   The Class has an objectively reasonable and actual expectation of privacy in their attorney-client communications as demonstrated in ¶¶ 15, 18-21 of this lawsuit. See,

*Upjohn Co. v. United States*, 449 U.S. 383 (1981)(attorney client privilege is the "oldest of the privileges for confidential communications known to the common law.").

49.    IC SOLUTIONS violated this reasonable expectation of privacy by monitoring, recording, storing, and disseminating to law enforcement, attorney client phone calls without consent. See, *Katz v. United States*, 389 U.S. 347, 351-52 (1967).

50.    As a direct and proximate cause of IC SOLUTIONS' actions, the Class was injured and is entitled to preliminary relief, injunctive relief, non-economic compensatory and punitive damages, as well as statutory damages, attorney fees and costs of suit.

**COUNT IV**

**42 U.S.C. § 1983- Failure to Intervene**

**WERTZ** and **HUGHEY** in their individual capacities v. **FEWELL, CAIN,** and **CODDINGTON** in their individual capacities

51.    All other paragraphs of this lawsuit are incorporated.

52.    Upon information and belief, including but not limited to the facts alleged in ¶ 16 of this lawsuit, each of the individual defendants named in this Count were aware of the First and Fourth Amendment violations being conducted by IC SOLUTIONS.

53.    Despite said awareness, each of the individual defendants named in this Count allowed IC SOLUTIONS to continue its illegal activities against each of the individual plaintiffs as described in Counts II-III of this lawsuit.

**COUNT V**

**42 U.S.C. § 1983- Monell Policies and/or Customs**

**WERTZ** and **HUGHEY** in their individual capacities v. **WASHINGTON**

54.    All other paragraphs of this lawsuit are incorporated.

55.    This Defendant knowingly permits a custom of deliberate indifference to First and Fourth Amendment violations by way of knowingly allowing IC SOLUTIONS to monitor, record, store, and disseminate to law enforcement, attorney-client communications.

56.    As a direct and proximate result of this custom, and as is highly likely, WASHINGTON agents and employees including but not limited to IC SOLUTIONS record and store attorney client communications, and disseminate them to law enforcement.

57.    Same substantially increases the risk that agents and employees including but not limited to IC SOLUTIONS would violate the civil rights of, *inter alia*, WERTZ and HUGHEY who were injured and damages as a direct and proximate result of this custom.

**WHEREFORE**, Plaintiffs respectfully request Judgment against the Defendants, jointly and severally where appropriate, as follows:

a.    An ORDER Declaring that IC SOLUTIONS' conduct violates the Constitutional rights of the Class;

b.    An ORDER Declaring that the individual defendants' failure to intervene against IC SOLUTIONS violates the Constitutional rights of, *inter alia*, WERTZ and HUGHEY;

c.    An PERMANENT ORDER Enjoining IC SOLUTIONS from recording any attorney-client communications;

d.    An ORDER Requiring IC SOLUTIONS to, at its own expense, return all attorney-client communications in its possession to the attorney, and then affirm via Affidavit that it has destroyed all such communications that it otherwise possessed;

e.   An ORDER Requiring WASHINGTON to, at its own expense, return all attorney client communications in its possession to the attorney, and then affirm via Affidavit that it has destroyed all such communications that it otherwise possessed;

f.   Statutory and punitive damages pursuant to 18 U.S.C. § 2520(b)(2) and (c);

g.   Compensatory and punitive damages otherwise available pursuant to 42 U.S.C. § 1983;

h.   Attorneys fees and costs of suit pursuant to 42 U.S.C. § 1988;

i.   Pre and post-judgment interest at the prevailing rate at the time of judgment and satisfaction of judgment respectively;

j.   Any and all other relief as may be applicable.

Respectfully submitted on June 12, 2023:


**THE TRIAL LAW FIRM, LLC**

By:    /s/<u>Mart Harris</u>
          Mart Harris, Esquire
          Pa. Id. No. 319504
          445 Fort Pitt Boulevard, Suite 220
          Pittsburgh PA 15219
          412.588.0030 (p)
          412.265.6505 (f)
          MH@TLawF.com