IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY WERTZ, PATRICK HUGHEY, | |
| Plaintiffs, | 2:23-CV-01045-CCW |
| v. | |
| INMATE CALLING SOLUTIONS, LLC, JEFFREY FEWELL, CHRIS CAIN, DAVID CODDINGTON, WASHINGTON COUNTY PENNSYLVANIA, | |
| Defendants. | |

## OPINION

Before the Court are two Motions to Dismiss filed by the various defendants in the case. ECF Nos. 62, 64. For the reasons set forth below, the Court will grant the Motion by Defendant Inmate Calling Solutions, ECF No. 64, and grant in part and deny in part the Motion by Defendants Jeffrey Fewell, Chris Cain, David Coddington, and Washington County Pennsylvania, ECF No. 62.

## I.    Background

This case arises from a dispute involving the recording and dissemination of phone calls between Plaintiffs Jeffrey Wertz, an attorney, and his client Patrick Hughey, a former inmate at the Washington County Correctional Facility. ECF No. 59. Plaintiffs bring claims against five defendants, including Inmate Calling Solutions, LLC ("ICS"), a company that provides telephone services to the individuals incarcerated at the correctional facility; Washington County, the municipality where the correctional facility is located; and three individuals (the "Individual Defendants"): Jeffrey Fewell, the Warden of the correctional facility, Chris Cain, the Deputy

1

Warden of the correctional facility, and David Coddington, a Major at the correctional facility.[1]

*Id.* ¶¶ 3–7. Plaintiffs' Second Amended Complaint ("SAC") asserts: violations of the Electronic

Communications Privacy Act, 18 U.S.C. §§ 2511, 2520, and the Pennsylvania Wiretapping and

Electronic Surveillance Act, 18 Pa. C.S. §§ 5703, 5725 (Counts I & II – against ICS; Count III –

against the Individual Defendants); claims under 42 U.S.C. § 1983 for violations of First, Fourth,

and Sixth Amendment rights (Counts IV & V – against the Individual Defendants; Counts IX &

X – against ICS); Pennsylvania common law fraud (Count VI – against ICS); Pennsylvania

common law invasion of privacy (Count VII – against ICS); removal from office under 18 Pa.

C.S. § 5726 (Count VIII – against the Individual Defendants); civil rights conspiracy under 42

U.S.C. § 1985 (Count XI – against all Defendants); Pennsylvania common law civil conspiracy[2]

(Count XII – against ICS; Count XIII – against the Individual Defendants); and a *Monell* claim

under § 1983 (Count XIV – against Washington County only).[3] [4] ECF No. 59. All Defendants

have moved to dismiss the claims against them. ECF Nos. 62, 64.

    The relevant factual allegations, taken as true, are as follows.

    ICS provides telephone services on behalf of Washington County to persons incarcerated

at the correctional facility. ECF No. 59 ¶ 11. To use ICS's services, and make calls to inmates,

---

[1] Plaintiffs sue Messrs. Fewell, Cain, and Coddington in their individual capacities. ECF No. 59.

[2] Although Plaintiffs brought state-law conspiracy claims against Defendants in their SAC, they subsequently agreed to dismiss these claims. ECF No. 67 at 13 ("Plaintiffs' conspiracy claims are now limited to apply to the individual defendants under federal law."). Accordingly, the Court will dismiss the Pennsylvania common law civil conspiracy claims in Counts XII and XIII.

[3] Plaintiffs bring Counts I, II, III, IV, VII, VIII, IX, X, XI, XII, and XIII on behalf of themselves and two proposed classes of attorneys and their incarcerated clients. They bring Count V on behalf of the sub-class of incarcerated individuals, Count VI on behalf of the sub-class of attorneys, and Count XIV is on behalf of Mr. Wertz and Mr. Hughey as individuals only.

[4] This Court has federal question jurisdiction over the Federal Wiretap Act claims in Counts I, II, and III as well as the § 1983 claims in Counts IV, V, IX, X, XI, and XIV under 28 U.S.C. § 1331 and may exercise supplemental jurisdiction over the state-law claims in Counts I, II, III, VI, VII, VIII, XII, and XIII under 28 U.S.C. § 1367.

individuals must set up a pre-paid collect account with ICS. *Id.* ¶¶ 13, 14. ICS does not offer a separate account for attorneys to use to communicate with their clients. *Id.* Despite not having separate accounts, ICS and Washington County represent that phone conversations between attorneys and their incarcerated clients are not recorded. *Id.* ¶ 15.

With these assurances, on May 19, 2021, Mr. Wertz, an attorney, created a pre-paid collect account with ICS. *Id.* ¶ 17. On June 7, 2021, Mr. Wertz followed ICS's purported process with Washington County to have his phone number marked confidential to prevent the recording and monitoring of his phone calls with clients. *Id.* ¶ 18. As part of ICS's process to mark phone numbers confidential, Mr. Wertz provided his Pennsylvania Bar credentials and driver's license to Mr. Fewell, the Warden. *Id.* ¶ 19. Mr. Fewell subsequently informed Mr. Wertz that his account was approved and forwarded the information to Deputy Warden Cain and Major Coddington. *Id.* ¶ 20.

On June 14, 2021, Mr. Wertz began receiving calls from inmates, including Mr. Hughey, all using ICS's telephone services. *Id.* ¶ 21. Mr. Wertz and the inmates with whom he spoke all believed that their conversations were not being recorded or monitored. *Id.* ¶ 21. Defendants were, however, monitoring and recording at least some of these conversations. *Id.* ¶ 22. ICS purportedly recorded phone calls through a program called ENFORCER. *Id.* ¶¶ 26, 27. This program gives "investigators access to live conversations and recordings" of calls with inmates. *Id.* ¶ 29. Facility administrators, which include the Individual Defendants and other individuals at the correctional facility, can access these recordings, control to what extent external users can access the recordings, and can allow law enforcement to view or download the recordings. *Id.* ¶¶ 30–36.

On January 18, 2022, the Washington County District Attorney was provided with recordings of privileged calls between Mr. Wertz and his incarcerated clients. *Id.* ¶ 23. On March 11, 2022, the District Attorney then produced 63 of these privileged calls to Mr. Wertz himself as part of pre-trial discovery. *Id.* ¶ 24. In June 2022, Mr. Wertz asked ICS for metadata and additional information regarding the recording and dissemination of his attorney-client phone calls with inmates in the correctional facility. *Id.* ¶ 38. ICS confirmed that it possessed that information but stated that it considered Washington County to be the owner of the data, and therefore, it did not control whether to release it. *Id.* ¶ 39. Washington County instructed ICS to not provide Mr. Wertz with any of the requested information. *Id.*

On June 12, 2023, Plaintiffs filed a complaint against Defendants, alleging federal and state constitutional and statutory claims. ECF No. 1. Defendants moved to dismiss, ECF Nos. 10, 20, and on March 7, 2024, the Court granted in part and denied in part the motions, ECF Nos. 24, 25. On November 19, 2024, Plaintiffs filed their SAC, ECF No. 59, and Defendants again moved to dismiss, ECF Nos. 62, 64. The Motions are now fully briefed, and ripe for resolution. ECF Nos. 62–67, 70, 73.

## II.    Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "a formulaic recitation of the elements of a cause of action will not do." *Id.* Accordingly, "[f]actual allegations must be enough

to raise a right to relief above the speculative level," *id.*, and be "sufficient . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connolly v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss").

## III.    Legal Analysis

The Court will first address ICS's Motion to Dismiss, ECF No. 64, and then it will address the Motion to Dismiss by the Individual Defendants and Washington County, ECF No. 62.

### A.    The Court Will Grant ICS' Motion to Dismiss, ECF No. 64.

In its Motion, ICS seeks to dismiss all of the Counts against it in Plaintiffs' SAC.  ECF No. 65.  Plaintiffs allege that ICS illegally intercepted and disclosed privileged attorney-client communications in violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511, 2520 (Counts I & II).  ECF No. 59 ¶¶ 50–58.  Additionally, Plaintiffs contend that when ICS recorded and disseminated the attorney-client phone calls, it intentionally interfered with their First and Sixth Amendment (Count IX) and Fourth Amendment (Count X) rights, in violation of 42 U.S.C. § 1983, and conspired to violate these constitutional rights, in violation of 42 U.S.C. § 1985 (Count XI).  *Id.* ¶¶ 88–100.  Finally, Plaintiffs bring several Pennsylvania state-law claims, including illegal interception and disclosure (Counts I and II), common law fraud (Count VI), and invasion of privacy (Count VII).  *Id.* ¶¶ 50–58, 72–83.  The Court will address each count in turn below.

### 1.    The Court Will Dismiss Plaintiffs' Illegal Interception Claim Under 18 U.S.C. §§ 2511, 2520 (Count I).

The Electronic Communications Privacy Act, also known as the Federal Wiretap Act, makes it unlawful for anyone to "intentionally intercept[], endeavor[] to intercept, or procure[] any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication."  18 U.S.C. §§ 2511(1)(a), 2520.  In the Court's prior Opinion, it found that "Plaintiffs have alleged sufficient facts to support a claim that ICS illegally intercepted private phone calls between Plaintiffs."  ECF No. 24 at 9.  In its Motion, ICS now contends that Plaintiffs failed to sufficiently plead that it intentionally intercepted privileged communications, and therefore, Plaintiffs cannot state a claim under the Federal Wiretap Act.  ECF No. 65 at 7–13.  ICS explains that although the Court previously held that Plaintiffs stated a claim for illegal interception, new facts alleged in the SAC and in an affidavit introduced by Plaintiffs, allow the Court to revisit its prior decision and

compel a conclusion that Plaintiffs failed to plead the element of intent.  *Id.*  Plaintiffs respond that the Court's prior decision, in finding that they stated a claim for illegal interception, implicitly found that they sufficiently pled intent and the new facts in the SAC do not undermine that conclusion.  ECF No. 66 at 4–6.

### i.    The Court Will Consider Material Extraneous to the SAC.

In its Motion, ICS contends that the Court should consider a document extraneous to the SAC because Plaintiffs introduced the document into the record and because it is integral to the SAC.  ECF No. 65 at 11–12.  The document, initially prepared by ICS, is an Affidavit of Brendan Philbin, the Vice President of Product Development at ICS.  ECF No. 43, Ex. 3.  Plaintiffs attached the Affidavit as an exhibit to their Motion to Amend their First Amended Complaint.  *Id.*  Plaintiffs do not contest the introduction of the affidavit.  *See generally* ECF No. 66.

When ruling on a motion to dismiss, courts generally "may not consider matters extraneous to the pleadings."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  But a court may consider an extraneous document where "it is 'integral to or explicitly relied upon in the complaint.'"  *Lepore v. SelectQupte Ins. Servs., Inc.*, No. 22-3390, 2023 WL 8469761, at *2 (3d Cir. Dec. 7, 2023) (citing *In re Burlington*, 114 F.3d at 1426).  Here, although Plaintiffs' SAC does not explicitly cite to the Affidavit, the Court finds that it is integral to the SAC.  For example, the Affidavit discusses the ENFORCER program and explains how the program functions.  And the crux of Plaintiffs' SAC involves allegations surrounding the ENFORCER program and allegations that this program allowed Defendants to record and disseminate privileged calls—the basis of Plaintiffs' claims.  Furthermore, because Plaintiffs first introduced this document into the record, *see* ECF No. 43, Ex. 3, the Court finds that they were on notice of the allegations contained therein, *In re Burlington*, 114 F.3d at 1426 ("[T]he primary problem raised by looking to

documents outside the complaint—lack of notice to the plaintiff—is dissipated where plaintiff has actual notice . . . and has relied upon these documents in framing the complaint.") (cleaned up).

Accordingly, the Court will consider the Affidavit of Mr. Philbin in its analysis and cite to it for relevant factual allegations.

### ii. Plaintiffs Have not Stated a Claim of Illegal Interception Under the Federal Wiretap Act (Count I).

ICS seeks to dismiss the illegal interception claim in Count I, arguing that Plaintiffs failed to plead that it intentionally intercepted communications. ECF No. 65 at 8–9. ICS explains that the SAC merely alleges ICS offered phone services but that it was the Individual Defendants, and not ICS, who recorded privileged calls and then disseminated those recordings. *Id.* Plaintiffs respond that they have adequately pled the element of intent and that "the Court *has already determined* that Plaintiff [sic] have stated an illegal interception claim against [ICS]." ECF No. 66 at 4–5.

To plead a prima facie case of illegal interception, a plaintiff must allege that the defendant "(1) intentionally (2) intercepted, endeavored to intercept or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication, (5) using a device." *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 806 F.3d 125, 135 (3d Cir. 2015). Here, the Court finds that Plaintiffs failed to plead that ICS intentionally intercepted communications between Mr. Wertz and his clients because the SAC merely alleges that ICS provided phone services, but it does not assert that ICS was involved in the recording or disseminating of calls. For example, Mr. Wertz marked his phone number confidential through Washington County and Warden Fewell, and it was Warden Fewell who "personally informed [Mr. Wertz] that his account was approved." ECF No. 59 ¶¶ 18, 19, 20. And while the SAC broadly alleges that "Defendants monitored, recorded and stored" Mr. Wertz's attorney-client

calls, and "Defendants disseminated and disclosed" those calls, *id.* ¶ 22, the SAC and affidavit make clear that it was the Individual Defendants who monitored, recorded, and disseminated the calls—not ICS, *id.* ¶¶ 27–36. *See also* ECF No. 65, Ex. A ¶¶ 11–12 ("[ICS] provides for the ability for the [correctional facility] to mark a phone number with the Enforcer [program] as an attorney number to avoid having the calls recorded. . . . The entire process for marking a phone number as an attorney number is done at the [correctional facility] level and [ICS] has no involvement."). Therefore, the Court finds that Plaintiffs have failed to plead illegal interception against ICS under the Federal Wiretap Act.

And although the Court previously found that Plaintiffs had stated a claim for illegal interception, the law of the case doctrine does not control the Court's instant determination. A court may "revisit a legal question which has already been resolved where any of the following 'extraordinary circumstances' exist: '(1) there has been an intervening change in the law; (2) new evidence has become available; or (3) reconsideration is necessary to prevent clear error or a manifest injustice.'" *Minard Run Oil Co. v. U.S. Forest Serv.*, 549 F. App'x 93, 98 (3d Cir. 2013) (citing *ACLU v. Mukasey*, 534 F.3d 181, 188 (3d Cir. 2008)). Here, new evidence has become available to the Court since its prior March 2024 decision. This new evidence includes allegations regarding the ENFORCER program which were first introduced into the record through an affidavit on May 10, 2024. ECF No. 43, Ex. 2. The affidavit itself was created on September 2023, *id.*, and therefore the allegations therein were not included in Plaintiffs' original complaint and were not available to the Court when it issued its Opinion on March 7, 2024, ECF No. 24. Plaintiffs, however, have now included such allegations in their SAC. ECF No. 59 (containing new allegations regarding the ENFORCER program and ICS's limited role in marking accounts confidential, recording calls, and disseminating those recordings).

Due to this new evidence, the Court may revisit its earlier conclusion that Plaintiffs had adequately stated a claim against ICS for intentional interception. And based on these new allegations, the Court has concluded that Plaintiffs failed to state such a claim. Accordingly, the Court will dismiss the illegal interception claim against ICS in Count I.

### 2.    The Court will Dismiss the Illegal Disclosure Claim Under 18 U.S.C. §§ 2511, 2520 (Count II).

In addition to prohibiting illegal interception, the Federal Wiretap Act also makes it unlawful for anyone to "intentionally disclose[], or endeavor[] to disclose, to any other person the contents of any wire, oral, or electronic communication." 18 U.S.C. §§ 2511(1)(c), 2520. To state a claim for unlawful disclosure under the Federal Wiretap Act, a plaintiff must plead that the defendant disclosed the communications intentionally. *Id.* Here, Plaintiffs have failed to plead the element of intent. They allege that facility administrators at the Correctional Facility, including the Individual Defendants, had access to the recordings and controlled to what extent they were disclosed to external users. ECF No. 59 ¶¶ 30–36. While the SAC pleads that ICS provided a telephone service along with the ENFORCER program which allowed for the recording of calls, no allegations in the SAC state that ICS intended to disclose privileged calls. *See generally id.* Therefore, Plaintiffs fail to state a claim against ICS for illegal disclosure under the Federal Wiretap Act.

### 3.    The Court will Dismiss the First, Fourth, and Sixth Amendment Interference Claims Under 42 U.S.C. § 1983 (Counts IV, IX, and X).

Section 1983 establishes a statutory cause of action to vindicate constitutional violations. 42 U.S.C. § 1983. To state a claim under § 1983, plaintiffs must plead that they were "deprived of a federal constitutional or statutory right by a state actor." *Coulter v. Coulter*, No. 23-2222, 2024 WL 163081, at *1 (3d Cir. Jan. 16, 2024); *see Harvey v. Plains Twp. Police Dep't*, 635 F.3d

606, 609 (3d Cir. 2011) (quoting 42 U.S.C. § 1983). Thus, courts consider whether a plaintiff has "identif[ied] the exact contours of the underlying right said to have been violated" and "whether the plaintiff has alleged a deprivation of a constitutional right at all." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (en banc) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). Further, courts must also address the state actor element, which requires an individual to "have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Harvey*, 635 F.3d at 609 (quoting *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998)).

To distinguish between private and state actors, "[t]he principal question at stake is whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). In the Third Circuit, an entity is a state actor if it meets the requirements under any one of the following three tests: (1) the public functions test, (2) the state compulsion test, and (3) the joint action or close nexus test. *See id.* The public functions test looks at "whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state." *Id.* The state compulsion test analyzes "whether the private party has acted with the help of or in concert with state officials." *Id.* The joint action or close nexus test assesses whether "the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Id.*

Here, the Court previously determined that Plaintiffs failed to allege that ICS is a state actor under any of the three tests. ECF No. 24. In its Motion, ICS asserts that Plaintiffs did not add new facts or remedy the deficiencies identified in their original complaint, and therefore, still fail to plausibly allege that ICS is a state actor. ECF No. 65 at 14–15. Plaintiffs respond that ICS has

waived this argument because ICS "doesn't even acknowledge the existence of [] additional facts [in Plaintiffs' SAC]" and "makes ***no argument whatsoever*** as to how those allegations fail to state a claim that it is a state actor." ECF No. 66 at 7 (emphasis in original). The Court, however, finds that Plaintiffs' SAC fails to sufficiently allege that ICS is a state actor under any of the three tests.[5]

Turning first to the public functions test, the Court previously found that Plaintiffs failed to adequately allege that ICS, in providing telephone services to inmates, engages in acts that are "traditionally the exclusive prerogative of the state." ECF No. 24 at 11–12. In Plaintiffs' SAC, they have not included any new facts or allegations to change this conclusion. Indeed, the "mere fact that [ICS] provides telephone services to prisoners pursuant to a contract with [Defendants], alone, is insufficient to transform [ICS] into a state actor." *Williams v. Securus Correctional Billing*, No. 14-42, 2014 WL 7338715, at *5 (W.D. Pa. Dec. 22, 2014) (Baxter, then M.J., now J.) (finding prison telephone provider did not act under color of state law); *McNeil v. Global Tel-Link*, No. 3:15-cv-01243, 2017 WL 5248377, at *1 (M.D. Pa. Nov. 13, 2017) (same).

Turning next to the state compulsion test, the Court previously determined that Plaintiffs failed to allege facts showing that ICS "acts pursuant to the 'coercive power' of the state or is 'controlled' by the state." ECF No. 24 at 12. Plaintiffs have not included any new allegations in their SAC to show that a state law, custom, or policy required or coerced ICS into recording attorney-client phone calls. Indeed, Plaintiffs allege the opposite: that ICS ceded control of the recordings to Washington County and facility administrators at the Correctional Facility. ECF No. 59 ¶¶ 18–20 (alleging that Washington County and Mr. Fewell were in charge of collecting attorney information and marking those phone accounts as privileged); ¶¶ 30–36 (alleging that,

---

[5] The Third Circuit has not applied these tests in a case with facts similar to those here, but the Court finds persuasive district court decisions finding that, generally, private telephone companies providing telephone services to inmates are not state actors.

through the ENFORCER program, the Individual Defendants controlled the recordings and their disclosure).

Finally, turning to the joint action or close nexus test, the Court previously held that Plaintiffs failed to allege "a sufficiently close nexus between the state and the *challenged* action of [ICS] so that the action may be fairly treated as that of the State itself." ECF No. 24 at 12–13. In their SAC, Plaintiffs failed to address the deficiencies in their original complaint as they have not alleged a sufficiently close nexus between the state and the challenged action. Indeed, the SAC alleges that Washington County and the Individual Defendants recorded privileged calls, determined when to disclose them, and did disclose them. ECF No. 59 ¶¶ 18–20 (alleging that Mr. Fewell collected attorney information and marked the accounts as privileged); ¶¶ 30–36 (alleging that, through the ENFORCER program, the Individual Defendants listened to privileged phone calls, accessed the recordings, and determined when to disclose them to others). There are no allegations that Washington County or the Individual Defendants instructed or directed ICS to record privileged calls; instead, ICS offered telephone services and the Individual Defendants chose when to record and disclose privileged calls. *Iswed v. Caruso*, No. 1:08-cv-1118, 2009 WL 4251076, at *3 (W.D. Mich. Nov. 24, 2009) (finding that prison telephone provider was not a state actor where plaintiff made no allegations that the provider and the state were jointly involved in developing the telephone access policies or that they "otherwise willfully participated in joint activity.").

Accordingly, because Plaintiffs have not pled facts sufficient to show that ICS is a state actor,[6] the Court will dismiss Counts IV, IX, and X of Plaintiffs' SAC.

---

[6] Because the Court has found that Plaintiffs have failed to plead facts showing that ICS is a state actor, it need not address whether ICS violated Plaintiffs' First, Fourth, and Sixth Amendment rights.

4.      **The Court Will Dismiss the Civil Rights Conspiracy Claim Against ICS (Count XI).**

In the SAC, Plaintiffs allege that all Defendants conspired to violate their civil rights by recording and disseminating the privileged calls, in violation of 42 U.S.C. § 1985(3).[7]  ECF No. 59 ¶¶ 96–100.  The Court will address this claim with respect to ICS first and then will address it with respect to other Defendants below.  ICS responds that the SAC fails to sufficiently allege an agreement among the Defendants to intercept and disseminate attorney-client communications. ECF No. 65 at 16–17.

To state a claim under § 1985(3), a plaintiff must allege "(1) a conspiracy;  (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws;  (3) an act in furtherance of the conspiracy;  (4) whereby a person is [injured]."  *Davis v. Wigen*, 82 F.4th 204, 214 (3d Cir. 2023).  A plaintiff cannot establish a conspiracy by relying on "broad or conclusory allegations."  *Robinson v. Sobina*, No. 09-247, 2011 WL 6056894, at *8 (W.D. Pa. Dec. 6, 2011) (Bissoon, J.) (citing *D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992)).  Rather, "there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity" to deprive the plaintiff of their rights. *Id.* at *9.  "[S]ubjective suspicions and unsupported speculation" will not do.  *Id.*

Here, Plaintiffs failed to sufficiently allege a conspiracy between the Defendants.  They conclusorily assert that "the Defendants entered into an agreement and acted in concert to, inter alia, intercept attorney-client communications and disseminate them."  ECF No. 59 ¶ 97.  Yet the

---

[7] In their original complaint, Plaintiffs did not bring a civil rights conspiracy claim.

SAC provides no specific facts tending to show a meeting of the minds and some type of concerted activity as required to plead civil rights conspiracy. *See generally* ECF No. 59. Instead, the SAC alleges that ICS merely provided the phone services and the ability to record inmate calls, but the Individual Defendants controlled the recordings and when to disseminate them. *Id.* ¶¶ 32–36. Accordingly, the Court finds that Plaintiffs have failed to plead a civil rights conspiracy with respect to ICS, and the Court will dismiss this claim in Count XI as to ICS.

5.    **The Court Declines to Exercise Supplemental Jurisdiction over the State-Law Claims Against ICS.**

The SAC includes several Pennsylvania state-law claims against ICS, including illegal interception and disclosure in violation of the Pennsylvania Wiretapping and Electronic Communications Act (Counts I and II), common law fraud (Count VI), invasion of privacy (Count VII), and common law civil conspiracy (Count XII).[8] ECF No. 59 ¶¶ 50–58, 72–83, 101–104. The Court declines to exercise supplemental jurisdiction over these claims because it will dismiss all claims against ICS over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c), (c)(3). Accordingly, the Court dismisses without prejudice the state-law claims against ICS in Counts I, II, VI, VII, and XII.

B.    **The Motion to Dismiss by Washington County and Messrs. Fewell, Cain, and Coddington Will be Granted in Part and Denied in Part, ECF No. 62.**

In their Motion, Washington County and the Individual Defendants seek to dismiss all of the Counts against them in Plaintiffs' SAC. ECF No. 63. The SAC asserts that the Individual Defendants illegally disclosed privileged attorney-client communications in violation of the Federal Wiretap Act, 18 U.S.C. §§ 2511, 2520, and the Pennsylvania Wiretapping and Electronic

---

[8] Although Plaintiffs agreed to dismiss this claim, ECF No. 67 at 13, the Court declines to exercise supplemental jurisdiction over it.

Surveillance Act, 18 Pa. C.S. §§ 5703, 5725 (Count III).  ECF No. 59 ¶¶ 59–62.  Additionally, Plaintiffs contend that when the Individual Defendants recorded and disseminated the attorney-client phone calls, they intentionally interfered with Plaintiffs' First and Sixth Amendment (Count V) and Fourth Amendment (Count IV) rights, in violation of 42 U.S.C. § 1983, and conspired to violate these constitutional rights, in violation of 42 U.S.C. § 1985 (Count XI).  *Id.* ¶¶ 63–71, 96–100.  Finally, Plaintiffs bring a Pennsylvania state-law claim seeking the removal of the Individual Defendants from their positions at the Correctional Facility, under 18 Pa. C.S. § 5726 (Count VIII). *Id.* ¶¶ 84–87.  As to Washington County, Plaintiffs bring a *Monell* claim, alleging that it had a practice or custom of recording and disseminating attorney-client calls, in violation of 42 U.S.C. § 1983 (Count XIV).  *Id.* ¶¶ 109–112.  The Court will address each count in turn below.

### 1. Plaintiffs Have Stated a Claim for Intentional Disclosure Under the Federal Wiretap Act and the Pennsylvania Wiretapping and Electronic Surveillance Act (Count III).

In Count III of their SAC, Plaintiffs bring a claim against the Individual Defendants for intentional disclosure under the Federal Wiretap Act, 18 U.S.C. §§ 2511, 2520, and the Pennsylvania Wiretapping and Electronic Surveillance Act, 19 Pa. C.S. §§ 5703, 5725.  ECF No. 59 ¶¶ 59–62.  The Individual Defendants seek to dismiss this Count, asserting that the claims are more "appropriately framed as a § 1983 claim alleging violation [sic] of Plaintiffs' [constitutional] rights."  ECF No. 63 at 6.  They further assert that the law enforcement exception to the Federal Wiretap Act allowed them to record and disclose the calls.  *Id.* at 5–6.  Plaintiffs respond that they have sufficiently stated a claim for intentional disclosure under the Federal Wiretap Act and that the law enforcement exception does not apply because the calls were privileged.  ECF No. 67 at 4–6.  In their briefing, the parties do not address the state-law intentional interception claims under

the Pennsylvania Wiretapping and Electronic Surveillance Act.  *See generally* ECF Nos. 63, 67, 73.

The Federal Wiretap Act prohibits anyone from "intentionally disclos[ing], or endeavor[ing] to disclose, to any other person the contents of any wire, oral, or electronic communication."  18 U.S.C. §§ 2511(1)(c), 2520.  Two main exceptions exist, however, (1) where an investigative law enforcement officer intercepts the communications in the ordinary course of his duties, or (2) where one of the parties has given prior consent.  *U.S. v. Morris*, No. 07-20, 2008 WL 5188826, at *4 (W.D. Pa. Dec. 8, 2008).  Here, Plaintiffs allege that the Individual Defendants disclosed to law enforcement at least 60 recordings of phone calls between Mr. Wertz and his clients.  ECF No. 59 ¶¶ 22, 23. Further, Plaintiffs assert that facility administrators, including the Individual Defendants, controlled when external users could access the recordings.  *Id.* ¶¶ 32, 33, 36.  Finally, Plaintiffs assert that the Individual Defendants' disclosure of the calls was intentional.  *Id.* ¶ 61.  Thus, Plaintiffs have stated a claim for the intentional disclosure of communications.  Furthermore, the Court finds that neither exception to § 2511 applies.  Plaintiffs did not consent to the recording of their privileged calls.  ECF No. 59 ¶ 21 (explaining that Plaintiffs believed their calls were not being recorded).  And the law enforcement exception does not apply in this context because the disclosed calls were privileged.  *Whitenight v. Elbel*, No. 2:16-cv-552, 2017 WL 8941221, at *9–10 (W.D. Pa. Apr. 10, 2017) (Eddy, M.J.) (explaining that client-attorney calls have different considerations and, therefore, no court has applied the law enforcement exception where the communications were privileged).

The Court also finds that Plaintiffs have stated a claim under the Pennsylvania Wiretapping and Electronic Surveillance Act.  This Act provides a private right of action to "[a]ny person whose wire, electronic or oral communication is intercepted, disclosed or used in violation of [this

statute]." 18 Pa. C.S. § 5725(a).  Like the Federal Wiretap Act, the Pennsylvania corollary requires that the interception of communications be intentional.  *Whitenight v. Elbel*, No. 2:16-cv-552, 2019 WL 7284251, at *10 (W.D. Pa. Dec. 27, 2019) (Eddy, M.J.).  Neither party addressed this claim in its briefing.  *See generally* ECF Nos. 63, 67, 73.  Consequently, the Court finds that Defendants' Motion as to this point is waived.  *Anspach v. City of Phila.*, 503 F.3d 256, 258 n.1 (3d Cir. 2007) ("Absent compelling circumstances not present here, failure to raise an argument in one's opening brief waives it.").  In addition, Plaintiffs have sufficiently alleged that the Individual Defendants intentionally recorded and disseminated calls between Mr. Wertz and his clients.  ECF No. 59 ¶¶ 22, 23, 32, 33, 36.

Therefore, the Court finds that Plaintiffs have sufficiently stated a claim against the Individual Defendants in Count III for violations of the Federal Wiretap Act and the Pennsylvania Wiretapping Electronic Surveillance Act.

> **2.    The Individual Defendants Are Entitled to Qualified Immunity for the First, Fourth, and Sixth Amendment Claims Under 42 U.S.C. § 1983 (Counts IV and V).**

In their SAC, Plaintiffs allege that the Individual Defendants, in recording and disclosing privileged calls, invaded their privacy, in violation of the Fourth Amendment (Count IV) and interfered with their right to counsel, in violation of the First and Sixth Amendment (Count V), under 42 U.S.C. § 1983.  ECF No. 59.  The Individual Defendants respond that they are entitled to qualified immunity on both Counts because they did not violate clearly established law.  ECF No. 63 at 7–9.  Plaintiffs respond that qualified immunity does not exist, but even if it does, they have sufficiently stated that the Individual Defendants violated clearly established constitutional rights.  ECF No. 67 at 6–10.

Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Phoenician Mediterranean Villa, LLC v. Swope*, 872 F.3d 138, 143 (3d Cir. 2017) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (citation omitted)).  At the motion-to-dismiss stage, government officials are entitled to qualified immunity unless (1) facts, taken in light most favorable to the plaintiff, show a constitutional violation, and (2) the constitutional right was clearly established at the time of the violation.  *Thomas v. City of Harrisburg*, 88 F.4th 275, 281 (3d Cir. 2023).  Courts may address these two prongs in any order.  *Lozano v. New Jersey*, 9 F.4th 239, 245 (3d Cir. 2021).  Courts have interpreted "clearly established" to mean that officers "are on notice their conduct is unlawful" prior to bringing a lawsuit against them.  *Thomas*, 88 F.4th at 283.  A right is clearly established where it "is sufficiently clear that a reasonable official would understand that what he is doing violates that [constitutional] right."  *Id.* at 284.

Here, the Court finds that there is no clearly established right to have officers refrain from recording or disclosing phone calls between an incarcerated client and his attorney, such that a reasonable officer would understand that his recording or disclosure of the calls violates a constitutional right.  Indeed, the Court has not identified, any Third Circuit precedent finding that the recording or disclosure of an inmate's phone calls with his attorney violates his First, Fourth, or Sixth Amendment rights.  And Plaintiffs have not pointed to any case law establishing such rights.  *See generally* ECF No. 67 (asserting that qualified immunity "does not exist" but failing to point to case law showing that the rights at issue here were clearly established).

Accordingly, the Court finds that the Individual Defendants are entitled to qualified immunity, and the Court will dismiss the claims in Counts IV and V.

### 3.    Plaintiffs Failed to State a Civil Rights Conspiracy Claim Against the Individual Defendants (Count XI).

In the SAC, Plaintiffs originally alleged that all Defendants conspired to violate their civil rights by recording and disseminating privileged calls, in violation of 42 U.S.C. § 1985(3).[9]  ECF No. 59 ¶¶ 96–100.  They subsequently conceded that Washington County should not be named in this Count, ECF No. 67 at 13, and so the Court will dismiss this claim as to the County.  In addition, the Court has already addressed this Count above as to ICS, *see* Part A.4.  Accordingly, the Court will now consider whether the conspiracy claim is viable as to the Individual Defendants.  As noted above, *see* Part A.4, to state claim for civil rights conspiracy, a plaintiff must allege "specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity" to deprive the plaintiff of their rights.  *Robinson*, 2011 WL 6056894, at *9.  Here, Plaintiffs failed to sufficiently allege a conspiracy between the Individual Defendants.  They conclusorily assert that "the Defendants entered into an agreement and acted in concert to, inter alia, intercept attorney-client communications and disseminate them."  ECF No. 59 ¶ 97.  Yet the SAC provides no specific facts tending to show a meeting of the minds and some type of concerted activity as required to plead civil rights conspiracy.  *See generally* ECF No. 59.  Instead, the SAC alleges that the Individual Defendants control the recordings and when to disseminate them, but it contains no specific allegations that Defendants conspired or agreed to record privileged calls and disseminate them.  *Id.* ¶¶ 32–36.  Accordingly, the Court finds that Plaintiffs have failed to plead a civil rights conspiracy with respect to the Individual Defendants, and because the Court has decided that dismissal is warranted for this claim with respect to ICS and Washington County, the Court will dismiss Count XI as to all Defendants.

---

[9] Plaintiffs originally brought this claim against all Defendants, including Washington County.  Plaintiffs, however, now concede that Washington County should not be named in this Count.  ECF No. 67 at 13.  Accordingly, the Court will only address whether Plaintiffs stated a civil rights conspiracy claim against the Individual Defendants.

    **4.**    **Plaintiffs Have Failed to State a *Monell* Claim Pursuant to 42 U.S.C. § 1983 (Count XIV).**

In Count XIV, Plaintiffs bring a *Monell* claim against Washington County, asserting that it permitted the recording and disclosure of attorney-client communications.  ECF No. 59.  "[A] municipality can be held liable [for constitutional violations] when the 'execution of a government's policy or custom . . . inflicts the injury.'"  *Bhatnagar v. Meyer*, No. 22-2848, 2023 WL 5378834, at *3 (3d Cir. Aug. 22, 2023) (citing *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978)).  To sufficiently state a *Monell* claim, a plaintiff must identify "the constitutional right at issue, identify the policy or custom at issue, identify the policymaker, demonstrate deliberate indifference or evidence of knowledge and acquiescence by the policymaker[,] and demonstrate causation.'"  *Long v. City of Phila.*, No. 15-00202, 2016 WL 192605, at *3 (E.D. Pa. Jan. 15, 2016) (quoting *Glass v. City of Phila.*, 455 F. Supp. 2d 302, 342 (E.D. Pa. 2006)).  *Monell* claims, therefore, are based on an underlying constitutional violation; and where a plaintiff has no such claims remaining before the court, the *Monell* claims must also fail.  *Bhatnagar*, 2023 WL 5378834, at *3;  *City of L.A. v. Heller*, 475 U.S. 796, 799 (1986).

Here, Plaintiffs' *Monell* claim fails because they have no remaining constitutional claims in the case, in light of the Court's dismissal of Plaintiffs' § 1983 claims for First, Fourth, and Sixth Amendment violations.  *See supra*, Parts A.3–4 and B.2–3.  Furthermore, the Court finds that even if Plaintiffs had stated such constitutional violations, they failed to sufficiently allege any policy or custom that Washington County had regarding the recording and disclosure of attorney-client communications.  Instead, the SAC merely conclusorily asserts that Washington County "knowingly permits a custom of First and Fourth Amendment violations by way of knowingly allowing [Defendants] to monitor, record, store, and disseminate to law enforcement, attorney-client communications."  ECF No. 59 ¶ 110.  And such conclusory allegations are insufficient.

*Chetty Holdings Inc. v. NorthMarq Capital, LLC*, 556 F. App'x 118, 121 (3d Cir. 2014) (explaining that conclusory or bare bones allegations without factual support are insufficient to survive a motion to dismiss).

Accordingly, the Court finds that Plaintiffs have failed to state a claim pursuant to *Monell*, and it will dismiss Count XIV.

### 5.    Plaintiffs Have Failed to State a Claim for Removal Pursuant to 18 Pa. C.S. § 5726 (Count VIII).

The SAC also includes a Pennsylvania state-law claim against the Individual Defendants for the removal from office or employment, pursuant to § 5726(a) of the Pennsylvania Wiretapping and Electronic Surveillance Act.  Under § 5726, "[a]ny aggrieved person shall have the right to bring an action in Commonwealth Court against any investigative or law enforcement officer, public official or public employee seeking the officer's, official's or employee's removal from office or employment on the grounds that the officer, official or employee has intentionally violated [this Act]."  The Individual Defendants assert that this Count should be dismissed because "Plaintiffs are required to bring any removal action in Commonwealth Court.  As such, this Court lacks jurisdiction."  ECF No. 63 at 11–12.  They do not otherwise contend that Plaintiffs have failed to state a claim under § 5726(a).  *Id.*  Plaintiffs respond that this Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1331.  ECF No. 67 at 12.

Per 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy."  Although the Court may exercise supplemental jurisdiction over Count VIII, it finds that Plaintiffs have failed to state a viable claim for removal from office or employment.  Applying Pennsylvania

substantive law,[10] the Court finds that § 5726(a) requires removal actions to be brought in the Commonwealth Court of Pennsylvania.  18 Pa. C.S. § 5726(a) ("Any aggrieved person shall have the right to bring [a removal] action in Commonwealth Court.").  And because Plaintiffs have not done so here, the Court will dismiss the removal claim under § 5726.

### C.    Leave to Amend

The Court will dismiss Plaintiffs' claims with prejudice and without leave to amend.  When dismissing a case, a court should generally give a plaintiff the opportunity to amend a deficient complaint, unless doing so would be "inequitable or futile."  *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).  Here, because the Court has already provided Plaintiffs the opportunity to amend their complaint, permitting further amendments would be inequitable and futile.

In their original complaint, Plaintiffs brought claims under the Federal Wiretap Act as well as constitutional claims against Defendants.  ECF No. 1.  The Court dismissed all claims except the Federal Wiretap Act claim, but it expressly granted Plaintiffs leave to amend with respect to their *Monell* claim and their First and Fourth Amendment claims against ICS.  ECF No. 24.  And although the Court dismissed with prejudice the Fourth Amendment claim against the Individual Defendants and terminated these Defendants from the case, *id.*, the Court later permitted Plaintiffs an opportunity to re-allege this claim and re-introduce the Individual Defendants into the case, ECF No. 58.  Therefore, Plaintiffs have already had an opportunity to fix the deficiencies in these claims and failed to do so.  *Harris v. Corbett*, No. 12-01, 2014 WL 580150, at *8 (W.D. Pa. Feb.

---

[10] The Court need not engage in a choice-of-law analysis because both parties have applied Pennsylvania law in analyzing this claim.  *See* ECF Nos. 59 at 16–17;  63 at 11–12;  *Galaxy Int'l, Inc. v. Merchants Distribs., LLC*, No. 22-302, 2023 WL 4949864, at *2 (W.D. Pa. Aug. 3, 2023) (Fischer, J.) (citing *Schiavone Constr. Co. v. Time, Inc.*, 735 F.2d 94, 96 (3d Cir. 1984)) ("[T]he parties do not dispute that Pennsylvania law applies to this case, and the Court need not engage in a choice of law analysis.").

12, 2014) (Conti, J.) ("[I]f the court determines that plaintiff has had multiple opportunities to state a claim but has failed to do so, leave to amend may be denied."); *see also Bryant v. Cherna*, 520 F. App'x 55, 58 (3d Cir. 2013) (affirming district court that did not permit amendment where plaintiff already had two previous opportunities to amend). And permitting additional amendments would be inequitable to Defendants and the Court as it would subject them to unnecessary and unwarranted time, effort, and expense. *Kilinc v. Tracfone Wireless Inc.*, 757 F. Supp. 2d 535, 540 (W.D. Pa. 2010) (McVerry, J.) (dismissing with prejudice where plaintiff did not have a plausible claim against either defendant and "[a]ny attempt to amend the complaint would be futile and would subject the Defendants and the Court to unnecessary and unwarranted time, effort and expense").

## IV.    Conclusion

For the foregoing reasons, the Motion to Dismiss by ICS, ECF No. 64, is hereby GRANTED, and the Motion to Dismiss by Washington County and the Individual Defendants, ECF No. 62, is hereby GRANTED IN PART and DENIED IN PART, as further set forth in the accompanying Order.


DATED this 3rd day of September, 2025.


BY THE COURT:


/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record